THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

_____

)
UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
V.                               ) 2:11-CR-00024-FL-1
                                 )
GARY FLANNELLY,                  )
                                 )
        Defendant.               )
                                 )

_____

ARRAIGNMENT
SEPTEMBER 12, 2011
BEFORE THE HONORABLE DAVID W. DANIEL
U.S. MAGISTRATE JUDGE


APPEARANCES:

For the Government:

Eric D. Goulian, Esquire
United States Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601
919.856.4530


For the Defendant:

Richard S. Glaser, Jr., Esquire
Parker Poe
Three Wachovia Center
401 South Tryon Street
Charlotte, North Carolina 28202
704.372.9000



Court Reporter: Rebecca L. Capps

Case 2:11-cr-00024-FL Document 17 Filed 12/08/11 Page 1 of 29

```
 1              P R O C E E D I N G S              1:38 P.M.

 2              THE COURT:    All right, good afternoon,

 3   Ladies and Gentlemen.  My name is Magistrate Judge

 4   David Daniel.  We're here today in Greenville in the

 5   United States District Court for the Eastern District

 6   of North Carolina for the purpose of holding

 7   arraignments in felony criminal cases assigned to Chief

 8   Judge Flanagan.

 9              Now, at this time, Madam Clerk, if you would

10   be so kind as to call the calendar, and I would ask

11   counsel to advise me if you're ready to proceed, and if

12   your client needs the services of an interpreter to

13   fully and fairly participate in these proceedings.

14              (Clerk calls cases to be heard and counsel

15   respond.)

16              THE COURT:    All right, at this time, Madam

17   Clerk, if you would swear in Miss Cruz as the Court's

18   official interpreter.

19              (Whereupon, SOFIA CRUZ was duly sworn to

20   fully and accurately interpret the proceedings.)

21              THE COURT:    Thank you, Ms. Cruz.  Mr.

22   Guzman, Mr. Gonzalez, Mr. Guerrero, can you understand

23   what I'm saying with the assistance of Ms. Cruz, the

24   Court's official interpreter?

25              MR. GUZMAN:    Yes.
```

**VERBATIM REPORTING SERVICE**

1          MR. GONZALEZ:  Yes.

2          MR. GUERRERO:  Yes.

3          THE COURT:    Very good.  All right,

4    Gentlemen, you are here today in this United States

5    District Court because either a Bill of Indictment has

6    been returned against you by the citizens of this

7    district sitting on the Grand Jury or, in your case,

8    Mr. Flannelly, the United States Attorney has filed a

9    Criminal Information against you, but in any event,

10   each of you have been charged with violation of one or

11   more federal felony criminal laws.  Now, you have

12   certain rights as relate to those felony charges

13   against you, and I am going to explain those to you

14   now.

15          As you were told at your initial appearance,

16   you have the right to silence, which means that no one

17   can force you to answer any questions or make any

18   statements concerning the serious felony charges you now

19   face.  You have the right to be represented by an

20   attorney.  And you have either hired your own attorney,

21   or the Court has appointed an attorney to provide you

22   with an aggressive, thorough, and competent defense to

23   the serious charges you now face.

24          Because each of you are facing serious felony

25   charges, you have the right to a trial by jury on those

1    charges, and at that jury trial, you are presumed to be

2    innocent.  There is absolutely no burden on you to prove

3    anything.  The burden is upon the Government, through

4    its attorneys and agents, and the Government is required

5    to prove you guilty by competent evidence, and most

6    importantly, the Government is required to prove you

7    guilty beyond a reasonable doubt.

8         The method for the Government to attempt to

9    prove you guilty beyond a reasonable doubt is to call

10   their agents and other witnesses to the witness stand,

11   who would have to testify against you at your trials, in

12   open court, and under oath.  And after the Government

13   questions its witnesses, you, through your attorney,

14   will have the absolute right to question, or as we say,

15   cross-examine, anyone that testifies against you.

16        Now, Gentlemen, if you plead not guilty this

17   afternoon and your case goes to trial, you too will have

18   the option of taking the witness stand and testifying

19   under oath at your trial, but only if you wish to do

20   that.  It's very important that you understand that no

21   one can force you to testify in your cases if you don't

22   want to.  And if you elect not to testify and to

23   exercise your constitutional right not to testify, that

24   fact cannot be held against you, and Chief Judge

25   Flanagan is required by law to instruct the jury

Case 2:11-cr-00024-FL  Document 17  Filed 12/08/11  Page 4 of 29

1    accordingly.

2            Gentlemen, you have the right to use the

3    subpoena power of this United States District Court,

4    which is a power that can force witnesses that might be

5    favorable to you in your defense to come to court and

6    testify under oath on your behalf at your trial.

7            Now, Gentlemen, if you plead guilty to an

8    offense this afternoon, whether it's in a Bill of

9    Indictment or a Criminal Information, you'll have to

10   waive your right to trial by jury and the other rights I

11   have just mentioned, other than your right to counsel.

12   Specifically, you will have to waive the right not to

13   incriminate yourself, because I cannot accept your plea

14   of guilty to any offense or offenses unless you admit in

15   open court this afternoon your guilt as to that offense

16   or offenses.

17           Now, by pleading guilty to a felony offense or

18   if you're convicted by a jury and adjudicated guilty of

19   a felony offense, you will lose certain valuable civil

20   rights, such as the right to ever possess any kind of

21   firearm, the right to hold public office, the right to

22   serve on a jury; most importantly, you will lose the

23   right to vote.

24           If you plead guilty this afternoon or if you

25   are subsequently found guilty at trial, you may be

Case 2:11-cr-00024-FL Document 17 Filed 12/08/11 Page 5 of 29

1    ordered to make restitution in money or services to the

2    victims of your crime if they're identifiable, and if

3    your offense involves fraud, you may be required to

4    provide notice of your conviction to the victims of your

5    crime.  In certain cases you may be required to forfeit

6    property to the United States Government.

7         Now, if you are not a citizen of the United

8    States, you need to know and understand that if you

9    plead guilty to a felony offense, or if you're

10   subsequently found guilty at trial of a felony offense,

11   that your immigration status will likely be adversely

12   affected.

13        Now, as required by law, a special assessment

14   of $100.00 for each felony offense or count to which you

15   plead guilty must be imposed against you.  This $100.00

16   special assessment per count or charge is in addition to

17   or on top of any other fine or punishment that Chief

18   Judge Flanagan might impose.

19        Now, Gentlemen, if you plead guilty this

20   afternoon or if you're found guilty at trial and you are

21   sentenced to an active term of incarceration or

22   imprisonment, it's virtually certain that you will be

23   given a term of supervised release to follow that term

24   of imprisonment.  Now, supervised release is similar to

25   what you may think of as probation, and it requires that

Case 2:11-cr-00024-FL   Document 17   Filed 12/08/11   Page 6 of 29

1   you report to an assigned United States probation

2   officer from time to time, and that you comply with the

3   instructions given to you by that United States

4   probation officer, which instructions have been given to

5   him or her by Chief Judge Flanagan.

6         The terms of your supervised release would

7   generally range anywhere from one year up to ten years,

8   although there are certain categories or classes of

9   cases which entail up to lifetime of supervised release.

10   In any event, the length of your supervised release

11   would be determined by the nature of your offense or

12   offenses, as well as your individual criminal histories.

13         Now, Gentlemen, the United States Sentencing

14   Commission has established advisory sentencing guideline

15   ranges for all federal crimes. But by virtue of the

16   Supreme Court case of United States versus Booker, Chief

17   Judge Flanagan is no longer required to specifically

18   follow those advisory guideline ranges when imposing

19   sentence. She is, however, required to calculate the

20   applicable advisory guideline sentencing range for your

21   offense or offenses. She is then free to consider that

22   applicable advisory guideline range as well as any other

23   relevant factors set forth in the sentencing statute

24   before she imposes sentence.

25         Although the Chief Judge is permitted to

Case 2:11-cr-00024-FL Document 17 Filed 12/08/11 Page 7 of 29

1   impose a sentence which is outside of the advisory

2   sentencing guideline range, if she does so, she is

3   required to explain on the record at the time of

4   sentencing her reasons or rationale for imposing such a

5   sentence.

6            Gentlemen, this is very important.  Under some

7   circumstances, you and/or the Government may have the

8   right to appeal your sentence even though you have pled

9   guilty to an underlying crime or offense.  However, if

10  you have entered into a plea agreement with the

11  Government, and that plea agreement contains an appeal

12  waiver, which virtually all plea agreements do, you need

13  to know and you need to understand that that appeal

14  waiver may be binding upon you and that your ability to

15  appeal whatever sentence is imposed by the Chief Judge

16  will be severely restricted.

17           Gentlemen, parole has been abolished in the

18  United States Court System, so if you receive a sentence

19  which includes any active term of incarceration, you

20  will not be eligible for nor will you receive any

21  parole.

22           Now, Gentlemen, if you plead guilty this

23  afternoon, or if you are found guilty at trial, the

24  United States Probation Office will prepare a written

25  pre-sentence report to assist the Chief Judge in your

Case 2:11-cr-00024-F Document 17 Filed 12/08/11 Page 8 of 29

1    sentencing.  You will be interviewed by the Probation

2    Office to obtain information for the pre-sentence

3    report.  It is very important that you have your

4    attorney present with you during all interviews or

5    contact with the Probation Office.  After the Probation

6    Office has prepared the pre-sentence report, you and

7    your attorney will be given a copy of the pre-sentence

8    report and be given ample opportunity to review the

9    report and to object to any aspects of the report that

10   you and your attorney believe are inaccurate or

11   improper.

12          Now, at the time of sentencing, you and your

13   attorney will be given the opportunity to speak to the

14   Chief Judge and to argue for a sentence that you and

15   your attorney believe is appropriate under the

16   sentencing statute.  You need to know that Chief Judge

17   Flanagan does not allow character witnesses to testify

18   at her sentencing hearings, but she is happy to receive

19   from your attorney written sentencing memoranda and

20   character letters, as long as those are provided to her

21   chambers at least one week prior to your scheduled

22   sentencing.

23          Now, sentencings from this afternoon's

24   arraignments will be held no sooner than ninety days

25   from today's date, and will likely be held in New Bern,

1     in front of the Chief Judge.

2                All right, that concludes my brief explanation

3     of your rights.

4                Mr. Marshal, if you would rearrange the

5     courtroom, we will start with Mr. Glaser's client, Mr.

6     Flannelly.

7                All right, Mr. Glaser, are you prepared to

8     proceed on behalf of Mr. Flannelly?

9                MR. GLASER:    That is correct.

10               THE COURT:     Is that the correct

11    pronunciation of your client's last name?

12               MR. GLASER:    Flannelly, yes, sir.

13               THE COURT:    Flannelly.  Very good.  All

14    right, Mr. Goulian, is the United States prepared to

15    proceed?

16               MR. GOULIAN:   Yes, your Honor.

17               THE COURT:    All right.

18               Ms. Tripp, if you would call the Flannelly

19    case for arraignment on Criminal Information and swear

20    or affirm Mr. Flannelly.

21               (Clerk calls case to be heard.)

22               (Whereupon, **GARY FLANNELLY** was duly sworn and

23    testified as follows:)

24               E X A M I N A T I O N          1:55 P.M.

25               BY THE COURT:

Case 2:11-cr-00024-FL  Document 17  Filed 02/08/11  Page 10 of 29

1    Q    All right, if you would remain standing, Mr.

2    Glaser.  If you would stand, Mr. Flannelly, as is the

3    custom of this Court.

4         All right, Mr. Flannelly, my name is

5    Magistrate Judge David Daniel.  We're here today for

6    your arraignment on a Criminal Information charging you

7    with a serious felony charge.

8         As an initial matter, I have in my hands a

9    document, Consent to Proceed Before United States

10   Magistrate Judge for the purpose of conducting your

11   arraignment and taking your plea.  Is that your knowing

12   and voluntary consent to have me conduct these

13   proceedings?

14   A    Yes, your Honor.

15   Q    Very good.  Mr. Flannelly, what is your full

16   name, please?

17   A    Gerard, G-E-R-A-R-D, Thomas Flannelly.

18   Q    And, Mr. Flannelly, in what town or city do

19   you live?

20   A    Washington, North Carolina.

21   Q    And how old are you, sir?

22   A    Fifty-four.

23   Q    And what is the extent of your education?

24   A    College courses.

25   Q    Very good.  Have you ever been treated for

1    mental illness or substance abuse issues?

2         A    No, your Honor.

3         Q    In the past twenty-four hours, have you had

4    any alcohol, prescription medication of any kind, drugs

5    of any kind, legal or illegal?

6         A    No, your Honor.

7         Q    Do you feel dizzy, lightheaded, or confused?

8         A    No, sir.  No, your Honor.

9         Q    Do you feel like you understand what is

10   happening in court today?

11        A    Absolutely, your Honor.

12        Q    Very good.

13             THE COURT:    Mr. Glaser, have you had any

14   difficulty in communicating with Mr. Flannelly or any

15   reason to doubt his mental competency?

16             MS. GLASER:    No, sir.

17             THE COURT:    Mr. Goulian, does the United

18   States have any reason to doubt Mr. Flannelly's

19   competency?

20             MR. GOULIAN:    No, your Honor.

21             THE COURT:    Let the record reflect the

22   Court finds as a fact that the Defendant, Gary

23   Flannelly, is competent to appear, to understand the

24   nature of these charges, and to ultimately enter a plea

25   in these matters.

Case 2:11-cr-00024-F Document 17 Filed 02/08/11 Page 12 of 29

1        BY THE COURT:

2        Q    Now, Mr. Flannelly, have you had the

3   opportunity to discuss your case and your plea with Mr.

4   Glaser, your attorney?

5        A    Yes, your Honor.

6        Q    Are you -- has Mr. Glaser answered all of your

7   questions concerning your case and your plea?

8        A    Yes, your Honor.

9        Q    Are you satisfied with his representation of

10  you?

11       A    Absolutely, your Honor.

12       Q    Very good.  Did you hear and understand my

13  explanation of your rights this afternoon, including how

14  you might be sentenced by the Chief Judge?

15       A    Yes, your Honor.

16       Q    Mr. Flannelly, you're here on a Criminal

17  Information, and that Criminal Information is rather

18  brief, so I am going to read that out loud.  The United

19  States has filed a Criminal Information against you,

20  dated June 7 of 2011, charging that on or about June 8

21  of 2005, June 20, 2005, August 16, 2005, here in the

22  Eastern District of North Carolina, that you, Mr.

23  Flannelly, did knowingly make false statements with

24  respect to information required by Chapter 44 of Title

25  18, to be kept in the records of a federally licensed

Case 2:11-cr-00024-F  Document 17  Filed 02/08/11  Page 13 of 29

1    firearms dealer, specifically, false statements as to

2    the ownership of two Glock 19 handguns and one Glock 17

3    handgun, which would be a violation of Title 18, United

4    States Code Section 924(a)1(A).  Do you understand that

5    charge against you in the Criminal Information?

6           A    Yes, I do, your Honor.

7           Q    Now, the maximum statutory punishment you

8    might receive were you to plead guilty or be found

9    guilty of that charge would be up to five years'

10   imprisonment; up to a $250,000.00 fine, or both such

11   fine and imprisonment; up to three years of supervised

12   release to follow any imprisonment, with the possibility

13   of up to two additional years' imprisonment if your

14   supervised release were to be revoked; the required

15   $100.00 special assessment; and restitution to the

16   extent restitution is deemed applicable.  Do you

17   understand those maximum statutory punishments that you

18   might receive?

19          A    Yes, your Honor.

20          Q    Now, Mr. Flannelly, the charges pending

21   against you have been brought by the filing of a

22   Criminal Information by the United States Attorney, and

23   because you have been charged with a felony in that

24   Criminal Information, you have a constitutional right to

25   require that the Government obtain a true Bill of

1    Indictment against you from the Grand Jury of this

2    district.  Now, you can waive that right to Indictment

3    by the Grand Jury and consent to proceeding forward

4    based on a Criminal Information of the United States

5    Attorney, if you so desire.

6         Mr. Flannelly, this is very important.  If you

7    do not waive your constitutional right to Indictment,

8    then the proceeding against you today can go no further.

9    In fact, based on my understanding of the posture of

10   this case, you're free to walk out the door.  But in

11   that event, the Government would, likewise, be free to

12   present its case to the Grand Jury and seek to have the

13   Grand Jury return a true Bill of Indictment against you.

14        Now, the Grand Jury is composed of at least

15   sixteen, but not more than twenty-three persons, and at

16   least twelve of those grand jurors, were they presented

17   with your case, would have to find probable cause and

18   believe that you committed the offense with which you're

19   charged before they could return a true Bill of

20   Indictment.

21        Now, Mr. Flannelly, if the Government was

22   forced to present its case to the Grand Jury, the Grand

23   Jury might, or it might not, return a true Bill of

24   Indictment against you.  No one can say for sure what

25   the Grand Jury would do were they presented with your

1    case.  But I can say for sure that if you waive your

2    right to Indictment by the Grand Jury, that the case

3    will proceed against you on the United States Attorney's

4    Criminal Information just as if you had been indicted.

5         Now, Mr. Flannelly, have you discussed waiving

6    your right to Indictment by the Grand Jury with Mr.

7    Glaser, your attorney?

8         A    I have, your Honor.

9         Q    And you understand that you have that

10   constitutional right to require that the Government

11   obtain a true Bill of Indictment?  Do you understand

12   that?

13        A    I do, your Honor.

14        Q    Has anyone threatened you or made any promises

15   to you to get you to waive that constitutional right of

16   Indictment?

17        A    No, your Honor.

18        Q    Mr. Flannelly, do you wish to waive your right

19   to Indictment by the Grand Jury?

20        A    Yes, your Honor.

21        THE COURT:    Mr. Glaser, are you aware of

22   any reason why Mr. Flannelly should not waive his right

23   to indictment by the Grand Jury?

24        MR. GLASER:    I am not, your Honor.  I would

25   like to add, and Mr. Goulian and I discussed this, the

1    -- if one reads the timing in the information of the

2    particular offense, the statute of limitations is

3    actually run, as well, but we are waiving that, as well,

4    today, in addition to waiving the right to -- for

5    indictment.

6              THE COURT:    All right, thank you.

7              MR. GLASER:    Yes, sir.

8              BY THE COURT:

9         Q    All right.  Now, Mr. Flannelly, I have in my

10   hands a document entitled, Waiver of Indictment, that

11   appears to be signed by you, Mr. Glaser -- and Mr.

12   Glaser, your attorney, dated today's date.  Is that your

13   knowing and voluntary decision, to waive your

14   constitutional right to indictment?

15        A    Yes, your Honor.

16        Q    All right.  The Court finds that your Waiver

17   of Indictment is knowingly and voluntarily made and will

18   accept the same, and will proceed on to arraignment

19   based on a Criminal Information.

20             Now, Mr. Flannelly, would you like for me to

21   read the charge against -- against you, again, or do you

22   understand the charge?

23        A    I understand, your Honor.

24        Q    And you understand the maximum punishments

25   that you might receive, as I previously stated?

Case 2:11-cr-00024-F   Document 31   Filed 02/08/11   Page 17 of 29

1          A     I do, your Honor.

2          Q     All right.  I've been handed a document

3    entitled, Memorandum of Plea Agreement, Mr. Glaser.

4    This plea agreement appears to be dated the 5th day of

5    February, 2010; signed by you, Mr. Glaser, your

6    attorney, and John Bowler, the Assistant U.S. Attorney

7    handling your case.  And in that plea agreement, among

8    other things, it appears you've agreed to plead guilty

9    to that one count Criminal Information.

10         I ask you, Mr. Flannelly, did you have the

11   opportunity to thoroughly read and review this plea

12   agreement with Mr. Glaser, your attorney, before you

13   signed it?

14         A     I did, your Honor.

15         Q     After you read and reviewed the plea agreement

16   with Mr. Glaser, did you, or do you today, understand

17   the terms, language, words, and meaning of everything in

18   this plea agreement?

19         A     Yes, your Honor.

20         Q     Do you understand your obligations under the

21   plea agreement?

22         A     I do, your Honor.

23         Q     Very good.  Has anyone promised you anything

24   to get you to plead guilty to the Criminal Information,

25   that is not written down in this plea agreement?

1          A    No, your Honor.

2          Q    Has anyone threatened you or tried to force

3    you in any way to get you to plead guilty to the

4    Criminal Information?

5          A    No, your Honor.

6          Q    And do you understand that if you plead guilty

7    to the charge against you in the Criminal Information,

8    that that charge is a felony, and that you will lose

9    your valuable civil rights, including the right to vote.

10   Do you understand that?

11         A    Yes, your Honor.

12         Q    Very importantly, do you understand that if

13   you plead guilty today, that you can't come back later

14   and ask, one, to be indicted; two, to plead not guilty;

15   or three, for a trial?  Do you understand that?

16         A    I understand, your Honor.

17         Q    You're stuck with your "guilty" plea?  Did you

18   discuss with Mr. Glaser, and do you understand that

19   Paragraph 2(c), on the bottom of the first page, is the

20   appeal waiver that I discussed during the advice of

21   rights, which makes it very difficult for you to appeal

22   whatever sentence is imposed by the Chief Judge?  Did

23   you discuss that with Mr. Glaser?

24         A    Yes, your Honor, I understand.

25         Q    And you understand that?  Did you discuss with

1   Mr. Glaser, and do you understand that any sentencing

2   recommendations in the plea agreement, including those

3   in paragraph 5, on pages 5 and 6, are just that,

4   recommendations, and that Chief Judge Flanagan is free

5   to establish whatever advisory guideline range she

6   believes to be correct and to impose whatever sentence

7   she believes to be just and proper, irrespective of any

8   agreement you have the United States Attorney?  In other

9   words, she's not bound by those recommendations of the

10  plea agreement.  Do you understand that?

11          A    I understand, your Honor.

12          Q    Have you answered all of my questions

13  truthfully, Mr. Fletcher (sic)?

14          A    Yes, your Honor.

15          Q    I'm sorry; Mr. Flannelly.

16          MR. GLASER:    I have, too, your Honor.

17          THE COURT:     Thank you, Mr. Glaser.

18          BY THE COURT:

19          Q    Mr. Flannelly, would you like any more time to

20  think about your plea or discuss any aspect of your case

21  or plea?  If you have any questions, now is the time to

22  talk with Mr. Glaser.

23          A    No, your Honor.

24          Q    Are you prepared to enter a plea at this time,

25  Mr. Flannelly?

Case 2:11-cr-00024-FL  Document 37  Filed 02/08/11  Page 20 of 29

1      A     Yes, your Honor.

2      Q     Mr. Flannelly, how do you plead to the one-

3  count Criminal Information, charging you with making

4  false statements as to records required to be kept by a

5  licensed firearms dealer, a violation of 18 United

6  States Code Section 924(a)(1)(A)?   How do you plead to

7  that charge?

8      A     Guilty, your Honor.

9      Q     Mr. Flannelly, did you as charged in the one-

10  count Indictment, on or about June 8 of 2005, in the

11  Eastern District of North Carolina, knowingly make a

12  false statement with respect to information required by

13  Chapter 44 of Title 18, to be kept by federally licensed

14  firearms dealers, that is, that you falsely represented

15  yourself to be the purchaser of a Glock 19 handgun, when

16  in fact, as you well knew, you were not the purchaser of

17  that firearm.   Did you do those things?

18      A     I did, your Honor.

19      Q     And you're sure about that?

20      A     Absolutely, your Honor.

21      Q     All right.   Thank you.   Please be seated.

22           THE COURT:     All right, Mr. Goulian, I'll be

23  glad to hear from you as to what the United States could

24  likely prove were Mr. Flannelly's case to go to trial.

25           MR. GOULIAN:   Yes, your Honor.   The

1   Government's evidence would show Mr. Flannelly is the

2   Vice President of Operations for Blackwater Security

3   Company, based in Moyock, in the Eastern District of

4   North Carolina and now known as Xe Services.  In March

5   of 2005, the King of Jordan visited Blackwater, and

6   during that visit, he received a gift of -- he and his

7   entourage received a gift of five firearms from

8   Blackwater.  Subsequently, on June 8, 2005, and on

9   August 16, 2005, Mr. Flannelly signed an ATF Form 4473,

10  stating that he was the purchaser, or transferee, of two

11  Glock 19 nine-millimeter pistols, when in fact, as he

12  knew, those two pistols had previously been given to the

13  King of Jordan and his entourage.

14          Also, on June 20, 2005, Mr. Flannelly signed

15  an ATF Form 4473 on behalf of Blackwater, as the

16  transferer of a Glock 17 nine-millimeter pistol, which

17  falsely stated that another employee of Blackwater, Ron

18  Slezak, was the purchaser of that firearm, and again, at

19  that time Mr. Flannelly knew that that particular

20  firearm had been gifted to the King of Jordan.

21          THE COURT:    Thank you.  All right, Mr.

22  Flannelly, if you would, please, rise, and Mr. Glaser.

23          The Court, satisfied with the responses given

24  during this hearing, makes the following findings on the

25  record:

1        It's the finding of this Court in the case of

2    United States of America versus Gary Flannelly, that the

3    Defendant, Mr. Flannelly, is fully competent and capable

4    of entering an informed plea, and his plea of guilty is

5    knowingly and voluntarily made, and is supported by an

6    independent factual basis containing each of the

7    essential elements of the charged offense.  Mr.

8    Flannelly, your plea is, therefore, accepted, and you

9    are adjudicated guilty of the one-count Criminal

10   Information against you.

11       Now, Mr. Flannelly, I have conditionally

12   approved the Memorandum of Plea Agreement between you,

13   Mr. Glaser, and the Government.  You will be notified in

14   writing of the time, date, and place of your sentencing.

15   I anticipate that will occur in New Bern no sooner than

16   ninety days from today's date, but you will get plenty

17   of advance notice of that.

18       Mr. Glaser, to the extent you have already not

19   done so, if you would contact the United States

20   Probation Office to commence preparation of Mr.

21   Flannelly's pre-sentence report, that will prevent any

22   prejudicial delay in Mr. Flannelly's sentencing.

23       Now I know, Mr. Flannelly, this is your first

24   appearance in the United States District Court.  As

25   such, the issue of your pre-sentence release is ripe.

Case 2:11-cr-00024-FL Document 317 Filed 02/08/11 Page 23 of 29

1           Mr. Goulian, what is the Government's position

2      with regard that?

3           MR. GOULIAN:   Your Honor, the Government

4      recommends that Mr. Flannelly be released with standard

5      conditions.  As far as a travel condition, the

6      Government just requests that no foreign travel,

7      surrender of passport.

8           THE COURT:   Okay.  Any bond requested?

9           MR. GOULIAN:  No, your Honor.

10          THE COURT:   Okay.  All right.  Please have

11     a seat, Mr. Flannelly, Mr. Glaser.  Any contact

12     restrictions, Mr. Goulian?

13          MR. GOULIAN:  No, your Honor.

14          THE COURT:   All right.  Any monitoring?  I

15     don't believe that seems to be appropriate, but I'll

16     ask.

17          Mr. GOULIAN:  No, your Honor.

18          THE COURT:   All right, Mr. Glaser -- Mr.

19     Glaser and Mr. Flannelly, it is my intent to release you

20     pending sentencing on the following conditions:

21          That you promise to appear in court as

22     required, and surrender for service of any sentence that

23     might eventually be imposed by the Chief Judge; that you

24     report to your probation officer as directed.

25          Do you have a U.S. Passport?  I believe you

1    do.

2              MR. FLANNELLY: I do, your Honor.  I don't have

3    it with me, but I do have one.

4              THE COURT:    If you would surrender that

5    within twenty-four hours to the United States Probation

6    Office.

7              Make no efforts to obtain any passport or

8    documentation that would allow you to leave the

9    continental United States.  In fact, I'm restricting

10   your travel to the continental United States unless you

11   obtain the prior permission of your supervised --

12   supervising probation officer.

13             I direct that you refrain from possessing any

14   firearms, destructive devices, or dangerous weapons.  If

15   you have any firearm -- do you have any firearms in your

16   possession now?

17             MR. FLANNELLY:    Not anymore, your Honor,

18   no.

19             THE COURT:    Okay.  To the extent you find

20   that you do, if you would immediately transfer those to

21   a lawful holder to be kept pending your sentencing.  You

22   would notify Mr. Glaser of that, and Mr. Glaser inform

23   the Probation Office of that.  It is important that you

24   don't possess any firearms during this interim time.

25             Refrain from excessive use of alcohol or

Case 2:11-cr-00024-F Document 17 Filed 02/08/11 Page 25 of 29

1    refrain from any use of an illegal drug or narcotic

2    substance; submit to drug testing as deemed advisable by

3    your probation officer; participate in any inpatient or

4    outpatient substance abuse therapy deemed advisable by

5    your probation officer.  There's no indication of that,

6    but those are standard conditions I impose in every

7    case.

8           Immediately notify your probation officer of

9    any kind contact with law enforcement, including even a

10   routine traffic stop.

11          I am directing, as I do in all cases, that you

12   submit to a warrantless search by your probation

13   officer, or other law enforcement officers, with the

14   prior approval of the supervising probation officer, of

15   your person, property and abode, including your

16   residence, as well as any vehicle in which you are the

17   driver or passenger, to determine compliance with the

18   conditions of your release.

19          Mr. Goulian, does the Government seek any

20   further conditions?

21          MR. GOULIAN:   No, your Honor.

22          THE COURT:    And, again, the Government does

23   not request any appearance bond; is that correct?

24          MR. GOULIAN:   That's correct, your Honor.

25          THE COURT:    All right, Mr. Glaser, do any

1    of those conditions cause Mr. Flannelly any major

2    heartburn?

3            MR. GOULIAN:   No, your Honor.

4            THE COURT:   All right.  I'm going to hand

5    these down for your review and Mr. Flannelly's

6    signature.

7            MR. GLASER:   May I approach, your Honor?

8            THE COURT:   Yes, please, Mr. Glaser.

9            MR. GLASER:   Thank you.

10           THE COURT:   All right, Mr. Flannelly, do

11    you understand and agree to abide by each and every one

12    of those conditions?

13           MR. FLANNELLY: I do, your Honor.

14           THE COURT:   All right.  If you have any

15    questions concerning those conditions, obviously,

16    contact Mr. Glaser, your attorney.  As I like to tell

17    people, there's very little -- actually, I'll probably

18    tell you, there's no forgiveness here.  There is

19    permission.  So, if anything comes up that you have a

20    question about, you're well advised to contact Mr.

21    Glaser or your supervising probation officer, because if

22    you come back in front of me, my policy is any

23    violations, regardless of the nature of the offense, and

24    the Government's position, any violation will result in

25    you being detained pending sentencing, and so just use

Case 2:11-cr-00024-F Document 17 Filed 02/08/11 Page 27 of 29

1   your good common sense on that.

2          MR. FLANNELLY: I understand, your Honor.

3          THE COURT:    All right, Mr. Glaser, is there

4   anything further on behalf of Mr. Flannelly today?

5          MR. GLASER:    No, your Honor.

6          THE COURT:    Mr. Goulian, on behalf of the

7   United States?

8          MR. GOULIAN:   No, your Honor.

9          THE COURT:    All right, Mr. Flannelly, that

10  will conclude your arraignment.  The Court has accepted

11  your "guilty" plea to the one-count Criminal

12  Information.  Order that you be released on the

13  conditions set by the Court pending sentencing in front

14  of the Chief Judge, after processing by the Marshal

15  Service and Probation Office.  Good luck to you, sir.

16         MR. FLANNELLY: Thank you, your Honor.

17         (The proceedings were concluded at 2:16 p.m.)

18         * * * * * * * * * * * * * *

19         END OF TRANSCRIPT

20

21

22

23

24

25

Case 2:11-cr-00024-F Document 17 Filed 02/08/11 Page 28 of 29

# C E R T I F I C A T E

This is to certify that the foregoing transcript of proceedings taken at the criminal session of United States District Court is a true and accurate transcription of the proceedings taken and transcribed by me.

This is the 6th day of December, 2011.

_____

Rebecca L. Capps